Chester Iron Co. v. Beach.

THE CHESTER IRON COMPANY

*v.*

SAMUEL S. BEACH et al.

RICHARD GEORGE

*v.*

SAMUEL S. BEACH et al.

To a bill to foreclose a mortgage the defendants put in answers, and also answers by way of cross-bill. By their answers they claim priority, as judgment creditors, over a conveyance of the premises by the mortgagor to his wife, because, although their judgments were docketed and levies made on the same day that the conveyance was made, they were prior thereto in fact. By their answers by way of cross-bill, which substantially repeat the averments of their answers, they also allege that the conveyance was made fraudulently, and with intent to hinder the collection of their judgments.—*Held,* on demurrer, that the answers by way of cross-bill are not unnecessary, because defendants are entitled to a discovery, and to an answer to their cross-bill as to the exact time of the conveyance, and also as to its consideration and *bona fides.*

Bills to foreclose. On demurrers to answers by way of cross-bills.

*Mr. Theodore Little,* for demurrant.

*Mr. W. W. Cutler,* for complainants.

THE CHANCELLOR.

These are suits for foreclosure of mortgages. The answers in question were put in by Martin & Caskey, judgment creditors of Samuel S. Beach, who claim liens upon the mortgaged premises subsequent to those of the complainants. The liens which they so claim are, under and by virtue of certain judgments, recovered by them September 29th, 1884, in the court for the trial of small causes against Beach. The judgments were docketed in the court of common pleas of Morris county on the next day, and executions were issued thereon and levied upon the property on the same day upon which the judgments were docketed. Martin & Caskey allege that the judgments are prior to a conveyance of the property made by Beach on the same day on which the judgments were docketed, to his son, Edward W. Beach, who on the same day conveyed the property to Beach's wife. The answers proper claim that the judgments were liens before the conveyances to Edward W. Beach ; that the conveyances to him, though made on the same day on which the judgments were docketed and the levies made, were nevertheless, in fact, made after the judgments and levies.

The answers by way of cross-bill state that the suits in which the judgments were recovered were begun on the 3d of September, 1884; that the conveyances to Edward W. Beach were made subsequently to the docketing of the judgments, and with full knowledge of the existence thereof, and that they are subject thereto ; that both conveyances were made without consideration, and to defraud Martin & Caskey, and to hinder them in the collection of the judgments.

The counsel of the demurrants insists that the answers by way of cross-bill are unnecessary ; that the relief sought thereby could be obtained under the answers proper. This objection is not well taken. These defendants have a right to a discovery as to the matters which they seek to establish by means of the

answers by way of cross-bill, although they waive the oath to the answers thereto. *Reed* v. *Cumberland Ins. Co., 9 Stew. Eq. 393.* Nor are those matters unnecessary to their defence. It is true that in the answers proper they aver that the deeds were given after their levies were made, and the same thing is alleged in the answers by way of cross-bill. But the deeds are dated on the same day on which the judgments were docketed. It is therefore very desirable for Martin & Caskey to be able to establish the fact that the deeds were given after the judgments were docketed, without adducing proof. They may do this by the admissions of the answers to the cross-bill. Again, if the deeds were given before the judgments were docketed, but were merely voluntary, they are not valid as against the judgments which were recovered for previously-existing debts due from the grantor. Martin & Caskey have, of course, a right to an answer on this head also. The demurrers will be overruled.